COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-402-CR
 
  
STEVEN 
JOHN STATZEL                                                        APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
his motion to suppress was denied, Appellant Steven John Statzel entered an open 
plea of guilty to, and was convicted of, driving while intoxicated ("DWI").  
The trial court sentenced him to thirty-five days’ confinement in Tarrant 
County Jail and a $650 fine.  In his sole point, Appellant contends that 
the trial court erred by denying his motion to suppress because the stop was 
illegal.  Because we hold that the trial court properly denied 
Appellant’s motion, we affirm the trial court’s judgment.
        In 
the evening hours of July 3, 2003, Officer Smith observed Appellant’s vehicle 
“swerve within the lane slightly.”  Officer Smith activated the camera 
in his car but did not turn on his emergency lights or attempt to stop 
Appellant’s vehicle.  After activating his turn signal, Appellant moved 
to the right shoulder of the road and stopped.  Officer Smith thought 
Appellant pulled onto the shoulder of the road because he overshot the turn onto 
Bonds Ranch Road.  Officer Smith pulled in behind Appellant’s vehicle and 
activated his emergency lights “to conduct an assist motorist stop.”  
Officer Smith testified that he thought Appellant might be in need of assistance 
because it was late at night in a remote area.  Appellant then got out of 
his vehicle and walked behind it.  As Officer Smith approached Appellant, 
he noticed Appellant swaying and could smell alcohol on Appellant’s 
breath.  At that point, Officer Smith believed Appellant was a DWI 
suspect.  Officer Smith then called for assistance from the DWI Task 
Force.  After conducting field sobriety tests, Officer Smith arrested 
Appellant for DWI.
        Appellant 
argues that Officer Smith stopped Appellant’s vehicle because Officer Smith 
was suspicious that Appellant was DWI.  He argues that there was no 
probable cause for the stop and that the reason for the stop was obviously not 
primarily for a community caretaker function because Officer Smith testified 
that he intended to follow the vehicle “until [he] thought for sure that 
it’s a possible DWI or [he] had probable cause to make a traffic stop.”
        We 
employ a bifurcated standard of review, giving almost total deference to the 
trial court’s determinations of fact and applying a de novo standard to 
questions of law.[2]  The facts of this case are 
undisputed. It is only the interpretation that distinguishes the State’s 
version from Appellant’s.[3]
        It 
is undisputed that Appellant pulled his vehicle over to the side of the road 
before Officer Smith did anything to signal him to pull over.  Indeed, 
Appellant pulled his vehicle over before Officer Smith believed he had a reason 
to detain the vehicle.  When Officer Smith approached Appellant, therefore, 
no detention had occurred.
        It 
is well established that the Fourth Amendment is not implicated by every 
encounter between police officers and citizens.[4]  
The Fourth Amendment is not triggered in this case because when Appellant pulled 
over to the side of the road, he was in no way restrained of his liberty.[5]  The interplay of facts shows a consensual encounter 
between Officer Smith and Appellant.  Appellant voluntarily pulled his 
vehicle to the side of the road before there was any show of authority by 
Officer Smith.  Officer Smith’s mere following of Appellant’s vehicle 
did not constitute a show of force.  Appellant voluntarily stopped his 
vehicle on the shoulder of the roadway.  The mere activation of the 
officer’s emergency lights after Appellant had pulled his car to the side of 
the road did not necessarily constitute a show of authority.[6]  
This action is equally consistent with using the emergency lights as a safety 
device to warn oncoming traffic of the cars parked on the road’s shoulder.[7]
        Because 
the interaction between Appellant and Officer Smith was a consensual encounter 
until Officer Smith approached Appellant, saw that he was swaying, and smelled 
the strong odor of alcohol, the trial court correctly denied Appellant’s 
motion to suppress.  We therefore overrule Appellant’s sole point and 
affirm the trial court’s judgment.
  
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).
3.  
The court has been assisted by unusually good briefs from both Appellant and the 
State.
4.  
Florida v. Bostic, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991).
5.  
See Terry v. Ohio, 392 U.S. 1, 20 & n.16, 88 S. Ct. 1868, 1879 & 
n.16 (1968).
6.  
See Martin v. State, 104 S.W.3d 298, 301 (Tex. App.—El Paso 2003, no 
pet.).
7.  
See id.